**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Dwayne Tinlin,<br>　　　　Petitioner,<br>v.<br>B. Hudson,<br>　　　　Respondent. | No. CV-24-00425-TUC-JCH (MSA)<br>**REPORT AND RECOMMENDATION** |

　　　　Petitioner Andrew Dwayne Tinlin, a federal prisoner, seeks habeas relief under 28 U.S.C. § 2241. The Court will recommend that his petition for relief be denied.

## Background

　　　　This case involves an alleged violation of the First Step Act (FSA), so the Court begins with a brief description of that law. The FSA creates incentives for prisoners to participate in recidivism reduction programs and activities. 18 U.S.C. § 3632(d). One of those incentives is the ability to earn time credits toward an earlier release. *Id.* § 3632(d)(4). A prisoner is eligible to earn credits so long as he is not "serving a sentence for" one of the disqualifying crimes listed in the statute. *Id.* § 3632(d)(4)(D). Relevant here, possession of a firearm during a drug trafficking crime is a disqualifying crime. *Id.* § 3632(d)(4)(D)(xxii).

　　　　Petitioner has been convicted of three crimes, including possession of a firearm during a drug trafficking crime. (Doc. 12-1 at 48, 55.) His other convictions were for conspiracy to distribute methamphetamine and conspiracy to commit murder in aid of racketeering, neither of which is a disqualifying crime under the FSA. (*Id.*) He is serving

an aggregate 314-month term of imprisonment, 60 months of which are attributable to the disqualifying firearm offense. (*Id.* at 7, 49.) Thus, the vast majority of Petitioner's sentence (254 months) is attributable to convictions for non-disqualifying crimes.

The Bureau of Prisons (BOP) has determined that Petitioner is ineligible to earn time credits under the FSA—toward any of his three sentences. (*Id.* at 7–8.) This is because the BOP is required under 18 U.S.C. § 3584(c) to treat multiple terms of imprisonment as a single, aggregate term "for administrative purposes." (*Id.* at 8.) The BOP asserts that the aggregation provision applies to the FSA time credit program, such that Petitioner's entire 314-month aggregated term is "a sentence for" a disqualifying crime. (*Id.*) Petitioner initiated this habeas action to challenge the BOP's determination. (Doc. 1.)

## Discussion

Petitioner raises two grounds for relief, both of which are framed around a non-binding district court decision from Minnesota. Framing aside, his ultimate claim is that the BOP cannot lawfully aggregate his sentences for purposes of the FSA. He argues that he is ineligible to earn FSA time credits only while he is serving the individual sentence for the disqualifying crime. Since he has completed that sentence, he argues that he is now eligible to earn credits on his remaining term of imprisonment. Respondent argues that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies and because his claim is meritless. As explained below, the Court finds that (I) exhaustion would have been futile, but that (II) Petitioner's claim is meritless.

### I.  Exhaustion would have been futile.

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)). This requirement can be waived, however, when "pursuing those [administrative] remedies would be futile." *Id.* (alteration in original) (quoting *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam)). Exhaustion generally is futile when the remedy sought is barred by official BOP policy. *Id.* at 1046.

Petitioner concedes that he did not exhaust his administrative remedies, but he says that exhaustion would have been futile. The Court agrees. The BOP argues that its FSA eligibility determination is required by statute. (Doc. 12-1 at 8.) If Petitioner had filed an administrative request for the BOP to reconsider his eligibility, the BOP likely would have denied the request as contrary to the relevant statutes. Therefore, exhaustion would have been futile, and the exhaustion requirement should be waived. *See Fraley*, 1 F.3d at 925 (holding that exhaustion would have been futile because the BOP "would almost certainly have denied" the prisoner's request under "official Bureau of Prisons policy").

**II.     Petitioner's claim is meritless.**

Petitioner claims that the aggregation provision, 18 U.S.C. § 3584(c), does not apply to the BOP's administration of the FSA time credit program, and that he is ineligible to earn credits only while he is serving the sentence for his disqualifying conviction. Since he has completed that sentence, he argues that he is eligible to earn credits on his remaining sentences for non-disqualifying convictions. This claim lacks merit. As to why, the Court adopts the reasoning in *Giovinco v. Pullen*, 118 F.4th 527 (2d Cir. 2024).

The *Giovinco* court began by observing that the aggregation provision was enacted 34 years before the FSA. 118 F.4th at 530. This is important because a statute must be read in "context and with a view to [its] place in the overall statutory scheme," and "Congress may establish a 'background principle of interpretation' to guide courts in understanding subsequently enacted statutes." *Id.* at 531 (first quoting *West Virginia v. EPA*, 597 U.S. 697 721 (2022); and then quoting *Everytown for Gun Safety Support Fund v. ATF*, 984 F.3d 30, 34 (2d Cir. 2020)). The court explained that "[t]he aggregation provision establishes a background principle according to which '[m]ultiple terms of imprisonment . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment.'" *Id.* (alterations in original) (quoting 18 U.S.C. § 3584(c)). And since "the 'administrative purposes' referenced in § 3584(c) include the BOP's administration of other types of sentencing credits, such as time-served credits (§ 3585), good-time credits (§ 3624), and residential drug-abuse program credits (§ 3621)," the court concluded that § 3584(c) also

"applies to the BOP's administration of the FSA time credit program." *Id.* The court also observed that "[t]he text of § 3632(d)(4)(D) is consistent with that understanding," as the phrase "is serving a sentence for" can "be read to refer to an aggregate term of imprisonment." *Id.* at 531–32.

Petitioner says that *Giovinco* is "flawed" because it ignores a "critical and material distinction" between the FSA and the other sentencing credit programs, namely, that the FSA uses mandatory language while the other programs use discretionary language. *Compare* 18 U.S.C. § 3632(d)(4)(A) (stating that a prisoner who successfully completes recidivism reduction programming "shall earn time credits"), *with id.* § 3621(e)(2)(B) (stating that a prisoner's sentence "may be reduced" if he successfully completes substance abuse treatment), *and id.* § 3624(b)(1) (stating that a prisoner "may receive credit" for good behavior). Petitioner is wrong that the *Giovinco* court ignored this distinction, as the prisoner in that case raised the exact same argument. *See Giovinco*, 118 F.4th at 532 (noting the prisoner's argument that the FSA is different "because Congress set the eligibility criteria by statute and made the awarding of credits mandatory," while the other programs "delegate to the BOP the authority to determine the eligibility of a prisoner"). He is also wrong that the distinction is meaningful. As the *Giovinco* court explained, "[i]f 'Congress intended to depart from the background principle' set by the aggregation provision and to direct the BOP to apply the statutory criteria of § 3632(d)(4)(D) to each individual sentence, it could have expressed that intention either expressly or by fair implication in the FSA. But it did not do so." *Id.* (quoting *Everytown*, 984 F.3d at 39).

In addition, the Court observes that every court that has examined Petitioner's claim has held that the aggregation provision applies to the FSA time credit program.[1] The reasoning in *Giovinco* and the unanimous weight of authority convince the Court that

---

[1] *See, e.g.*, *Giovinco*, 118 F.4th at 529; *Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d. Cir. May 7, 2025); *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024); *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023); *Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025); *Rogers v. Hudson*, No. CV-24-00409-TUC, 2025 WL 1181744, at *4 (D. Ariz. Feb. 13, 2025), *R. & R. adopted by* 2025 WL 1179441 (Apr. 23, 2025).

Petitioner's claim is meritless. That is, "the BOP must aggregate a prisoner's sentence pursuant to § 3584(c) for the purpose of determining his eligibility for FSA time credits"; and a single disqualifying conviction renders the prisoner "ineligible to earn FSA time credits for his entire aggregated term of imprisonment." *Giovinco*, 118 F.4th at 529. So Petitioner is not eligible to earn FSA time credits.

As previously noted, Petitioner frames his two grounds for relief around a district court decision from Minnesota. *See Sok v. Eischen*, No. 22-cv-458, 2022 WL 17156797 (D. Minn. Oct. 26, 2022), *R. & R. adopted by* 2022 WL 17128929 (Nov. 22, 2022). The *Sok* court found that the FSA is "ambiguous" as to prisoners who have both disqualifying and non-disqualifying convictions. *Id.* at *3. The court then applied *Chevron* deference and upheld the BOP's interpretation that the aggregation provision applies to the FSA. *Id.* at *6; *see Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984) (stating that courts should defer to an agency's reasonable interpretation of a statute that the agency administers). In ground one, Petitioner argues that the Court should adopt the conclusion that the FSA is ambiguous and, for a remedy, "set aside" the BOP regulation implementing that statute. *See* 28 C.F.R. § 523.41(d)(2). In ground two, he urges the Court to reject the *Sok* court's application of *Chevron* deference and to resolve the FSA's ambiguity by holding that the statute does not permit aggregation. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (overruling the *Chevron* doctrine).

The aim of these grounds for relief is to have the Court examine the relevant statutes without deference to the BOP. The Court has done so and concludes, "without deference, that the best reading of the . . . statutes" requires aggregation. *Giovinco*, 118 F.4th at 533.

### Conclusion

Petitioner's claim is meritless. Therefore, the Court recommends that his petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) be **denied** and **dismissed with prejudice**.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections

with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Clerk of Court is directed to **terminate** the referral of this matter. Filed objections should bear the following case number: **CV-24-00425-TUC-JCH**.

Dated this 8th day of July, 2025.

                                                Honorable Maria S. Aguilera
                                                United States Magistrate Judge