**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Dwayne Tinlin,<br><br>   Petitioner,<br><br>v.<br><br>B. Hudson,<br><br>   Respondent. | No. CV-24-00425-TUC-JCH<br><br>**ORDER** |

Petitioner Andrew Dwayne Tinlin, proceeding pro se, filed a "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody" ("Petition"). Doc. 1. Respondent B. Hudson, Warden for FCI Tucson, filed an Answer (Doc. 12) and Petitioner filed a Response (Doc. 13). On July 9, 2025, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") in which she recommends this Court deny the Petition. Doc 14. Petitioner filed an objection to the R&R (Doc. 15), and Respondent filed a Response (Doc. 16). For the following reasons, the Court will overrule Petitioner's objections, adopt Judge Aguilera's R&R in full, and dismiss the Petition.

**I.    Background**

Petitioner is serving an aggregated 314-month prison term for three charges: possession of a firearm during a drug trafficking crime, conspiracy to distribute methamphetamine, and conspiracy to commit murder in aid of racketeering. The First Step Act ("FSA") allows prisoners to earn credits toward an earlier release. *See* 18 U.S.C.

§ 3632(d). Petitioner's firearm conviction, which accounts for 60 months of his sentence, makes him ineligible to earn FSA credits. *See id.* § 3632(d)(4)(D)(xxii). Petitioner argues that, because his remaining sentence (254 months) is attributable to non-disqualifying crimes, he should be allowed to earn FSA credits after completing the disqualifying portion of his sentence. But, under § 3584(c), the Bureau of Prisons ("BOP") is required to treat multiple terms of imprisonment "as a single, aggregate term" for administrative purposes. This aggregation requirement effectively means Petitioner's entire 314-month sentence is treated as if it were from an FSA-disqualifying crime.

Petitioner disputes the legality of this practice and requests the Court direct the BOP to deem Petitioner eligible to earn and apply First Step Act "FSA" credits for the non-disqualifying portion of his sentence. Doc. 1 at 10. The R&R found that (1) the exhaustion requirement should be waived because exhaustion would have been futile, but that (2) Petitioner's claim is meritless. Doc. 14 at 2–3.

## II.     R&R Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review and are instead reviewed for clear error. *See Curtis v. Shinn*, No. CV-19-04374-PHX-DGC-JZB, 2021 WL 4596465, at *5 (D. Ariz. Oct. 6, 2021).

## III.    Objection

Petitioner objects to the R&R's second finding—that his claim is meritless. Doc. 15 at 1. Petitioner argues that the use of mandatory language in the FSA statute ("shall earn," "shall be applied," and "shall transfer") means it is not administrative and, thus, the

§ 3584(c) aggregation provision should not apply. *Id.*

This is the same argument Petitioner raised in the Petition (Doc. 1 at 5) and Reply (Doc. 13 at 1), which the R&R already addressed on the merits (*see* Doc. 14 at 3–5). Accordingly, the Court reviews the R&R for clear error. The Court finds none. The R&R is thorough and well-reasoned.

True, the BOP does not have discretion whether to apply FSA credits to eligible prisoners. But the "shall" language in § 3632(d)(4)(A) is expressly contingent on prisoners first meeting eligibility requirements. Relevant here, "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence . . . relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." § 3632(d)(4)(D)(xxii). Petitioner's firearm charge is a disqualifying offense. The BOP also does not have discretion to *not* aggregate Petitioner's multiple prison terms: "Multiple terms of imprisonment ordered to run consecutively or concurrently *shall* be treated for administrative purposes as a single, aggregate term of imprisonment." § 3584(c) (emphasis added).

**IV.   Conclusion**

**IT IS ORDERED overruling** Petitioner's Objection (Doc. 15) and **adopting in full** Judge Aguilera's R&R (Doc. 14).

**IT IS FURTHER ORDERED denying** and **dismissing with prejudice** the Petition (Doc. 1).

Dated this 26th day of August, 2025.

_____
John C. Hinderaker
United States District Judge

- 3 -